# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CORPORATE CENTRAL CREDIT UNION**
        Plaintiff,

    v.                                            Case No. 09C0986

**U.S. CENTRAL FEDERAL**
**CREDIT UNION, et al.,**
        Defendants.

---

## DECISION AND ORDER

Plaintiff, Corporate Central Credit Union ("Corporate Central") brings this suit against defendants U.S. Central Federal Credit Union ("U.S. Central") and the National Credit Union Administration ("NCUA"), a federal agency which oversees credit unions. Plaintiff alleges that the NCUA violated its rights under the equal protection component of the Fifth Amendment's due process clause[1] and asserts a common law breach of contract claim and related claims against U.S. Central. Pursuant to Fed. R. Civ. P. 12(b)(6), the NCUA now moves to dismiss the complaint.

## I. BACKGROUND

Credit unions are cooperative financial institutions owned by their members. See 12 U.S.C. § 1752(1). Like banks, they accept deposits and make loans, but instead of seeking profits for shareholders, credit unions attempt to serve their member-owners though such benefits as lower interest rates on loans and higher interest rates on deposits.

---

[1] The due process clause imposes an obligation of equal treatment on the federal government. Bolling v. Sharpe, 347 U.S. 497, 499 (1954).

Members of credit unions purchase shares and in that way provide the credit unions with capital to operate. Plaintiff is a corporate credit union. Its function is to serve retail credit unions. U.S. Central is also a corporate credit union. Its function is to serve corporate credit unions like plaintiff. Plaintiff is a member of U.S. Central. As such, it is required to maintain a minimum amount in its membership capital account. The purpose of this requirement is to enable U.S. Central to maintain sufficient capital to support its risk exposure. See 12 C.F.R. § 704.3.

Periodically, plaintiff deposited funds in its membership capital account to eliminate shortfalls and transferred funds out of the account to reduce excess investment. As of December 31, 2008, plaintiff had approximately $6 million more than U.S. Central required in its capital account. At the same time, U.S. Central was in financial difficulty and, to alleviate its problems, it barred members from transferring excess investment out of their capital accounts. Plaintiff demanded that U.S. Central permit it to transfer $6 million out of its capital account, but U.S. Central refused. On March 20, 2009, the NCUA, placed U.S. Central in conservatorship and became its conservator. The NCUA continued U.S. Central's policy of denying members access to their excess investment.

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Assuming the veracity of all well-pleaded factual allegations, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

### III.  DISCUSSION

The NCUA argues that I should dismiss the case because I lack subject matter jurisdiction, and because plaintiff lacks standing and fails to state a claim upon which relief may be granted.

**A.    Subject Matter Jurisdiction**

Plaintiff contends that I have federal question jurisdiction over its claims.[2]  In order to establish federal question jurisdiction, plaintiff must show that its suit arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  Plaintiff alleges that by maintaining two classes of members in U.S. Central, those with excess investment and those without, and denying those with excess investment access to it, the NCUA denies such members equal protection of the law.  Plaintiff alleges the deprivation of a constitutional right, thus, its claim arises under the Constitution.  Further, I cannot say that plaintiff's claim is so patently without merit as to justify dismissal based on lack of jurisdiction.  See Bell v. Hood, 327 U.S. 678, 682-83 (1945).  Therefore, I conclude that I have federal question jurisdiction over plaintiff's equal protection claim.

Plaintiff also argues that federal common law presents an independent basis for federal question jurisdiction over its claims.  Although there is no general federal common law, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938), the Supreme Court has authorized federal courts to create federal common law rules of decision in some

---

[2]I do not have diversity jurisdiction because neither defendant is a citizen of a state. See Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991).

situations. However, such situations are "few and restricted" and must involve the "extraordinary." O'Melveny & Meyers v. FDIC, 512 U.S. 79, 87, 89 (1994). They are limited to situations "where there is a 'significant conflict between some federal policy or interest and the use of state law.'" Id. at 87 (citations omitted); see also Atherton v. FDIC, 519 U.S. 213, 225 (1997) (stating that federal courts may not create federal common law unless applying state law presents a "significant conflict with, or threat to, a federal interest").

In the present case, plaintiff cites no conflict much less a significant one between state law and a federal policy or interest. Thus, I cannot conclude that it is necessary to create federal common law to resolve plaintiff's claims. Relying on Barany v. Butler, 670 F.3d 726, 731 (7th Cir. 1982), plaintiff argues that the interest of "the uniform administration of federal credit unions," (Pl.'s Br. at 24), requires the fashioning of federal common law. However, the Supreme Court has consistently rejected "generalized pleas for uniformity," Atherton, 519 U.S. at 220 (citations omitted), and Barany involved a unique set of facts wholly unlike those in the present case. Therefore, federal common law provides no independent basis for subject matter jurisdiction over plaintiff's claims.

For the reasons stated, plaintiff's non-constitutional claims are state law, not federal law, claims. However, because they arise out of the same nucleus of facts as plaintiff's equal protection claim, I have supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

**B.     Standing**

Defendant next argues that plaintiff lacks standing to assert its claims. In order to have standing, plaintiff must allege a sufficient personal stake in the outcome of the

4

controversy so that it can invoke federal jurisdiction. Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 37 (1976). Standing focuses on the party seeking to get its complaint before a federal court and not on the issues it wishes to have adjudicated. Id. at 37-38. In order to have standing, plaintiff must allege injury in fact, a causal connection between defendant's conduct and its injury and that a favorable decision would likely redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-62 (1992). Plaintiff alleges that it had a property interest in its excess investment, that defendants injured it when they denied plaintiff access to such funds and that a favorable ruling on its equal protection claim would redress the injury. This is sufficient to confer on plaintiff standing to bring its equal protection claim.

**C.     Equal Protection**

Turning to whether plaintiff's equal protection allegations state a claim on which relief can be granted, a governmental body may deny equal protection by basing a decision with respect to a person on the person's membership in a "suspect" class such as race or by depriving the person of a fundamental right like free speech. Srail v. Vill. of Lisle, Ill., 588 F.3d 940, 943 (7th Cir. 2009). Plaintiff's claim does not implicate either a suspect class or a fundamental right. Thus, in reviewing plaintiff's challenge to the NCUA's action, I apply a deferential rational basis standard of review. Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir. 1992). I presume that the NCUA acted rationally. Id. To survive the NCUA's motion, plaintiff must allege facts from which it may be plausibly inferred that the NCUA's action is not rationally related to any conceivable legitimate governmental interest. Srail, 588 F.3d at 943; Smith v. City of Chi., 457 F.3d 643, 650-51 (7th Cir. 2006).

Plaintiff falls far short of alleging facts sufficient to overcome the presumption of rationality. As plaintiff's complaint itself suggests, the NCUA has a legitimate interest in preserving U.S. Central's capital. See also 12 U.S.C. § 1787(b)(2)(D) (stating that as conservator, the NCUA can take any action that is "necessary to put [U.S. Central] in a sound and solvent condition; and. . . appropriate to carry on the business of [U.S. Central] and preserve and conserve the assets and property of [U.S. Central]"); 12 C.F.R. § 704.02 (stating that funds in a membership capital account are "available to cover losses that exceed retained earnings and paid-in capital"). The NCUA's decision to bar members from transferring excess investment clearly furthers its interest in putting U.S. Central in a sound financial condition and thus has a rational basis. The NCUA's decision likely prevented a run on excess investment on members' capital accounts, surely a desirable outcome. Plaintiff argues that the NCUA could have furthered its goals by other means, but even if this were true, it does not make the action plaintiff complains of any less rational. Therefore, plaintiff's equal protection claim fails.

## IV. CONCLUSION

I need not address defendants' argument that plaintiff lacks standing to assert its state law claims. This is so because even assuming that plaintiff has standing, I would decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c).

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED,** and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 19 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge